Borenstein, J.
Plaintiff Gary DeSousa has brought this action, pursuant to G.L.c. 30A, §14, to review the defendant Department of Social Services’ (“Department”) decision to list the plaintiff as an alleged perpetrator of child sexual abuse or neglect on the Department’s Central Registry.[1] After considering the respective positions of the parties, the submitted record, and the transcript of the “Fair Hearing” submitted to the court by stipulation of the parties, this court finds the decision of the Department was not based on substantial evidence, therefore the decision of the Department is vacated and remanded for the taking of further evidence.
BACKGROUND
On October 13, 1994 the Department received a report from a mandated reporter pursuant to G.L.c. 119, §51 A, alleging that the plaintiff and plaintiffs father had sexually abused the three DeSousa children, David, Ryan and Brooke. The report also alleged that plaintiffs wife, Anne Marie DeSousa had neglected the children. The allegations against Gary DeSousa included inappropriate “frisk touching,” “tongue kissing” the children, as well as making sex-ualized drawings for the children and walking around the house in underwear or naked. The “51A” report also states that “father admits to tounge [sic] kissing and walking around naked and bringing home R[2] rated movies that the kids watch and the drawings.”
The report was investigated by Lorna Clement. Telephone conversations and a home visit took place between the dates of October 14, 1994 and October 18, 1994. Notice of the Department’s decision to support the report was given to Mr. DeSousa on October 23, 1994. Mr. DeSousa appealed the decision and a Fair Hearing was held on March 16, 1995. The Fair Hearing Officer concluded that the Department’s decision was in conformity with regulations and policies. Mr. DeSousa appealed to this court.
DISCUSSION
Plaintiff seeks judicial review pursuant to G.L.c. 30A, §14(7). This provision allows a reviewing court to reverse, remand, or modify a state administrative agency’s decision if the court determines that the substantial rights of any party may have been prejudiced because the agency’s decision was based on errors of law, unsupported by substantial evidence, or arbitrary and capricious. G.L.c. 30A, §14(7). Substantial evidence is defined as “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6).
The scope of judicial review of an administrative agency decision is well settled. In reviewing the Department’s decision, the court is required to give due weight to the agency’s experience, technical com *265 petences, specialized knowledge and the discretionary authority conferred upon it by statute. Seagram’s Distiller Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). The court must consider the entire record and take into account whatever detracts from the weight of the evidence. Vaspourakan, Ltd. v. Alcoholic Beverages Control Comm’n, 401 Mass. 347, 351 (1987). Where findings are not supported by substantial evidence, the reviewing court should return the case to the Department for further consideration and, if necessary, the taking of further evidence. Holyoke Street Railway Company v. Department of Public Utilities, 347 Mass. 440 (1964).
The issue reviewed by this court is whether the Department’s decision to place Mr. DeSousa’s name on the Central Registry is (1) in compliance with the Department’s regulations and policies; and (2) supported by substantial evidence.
A. Governing Regulations and Statutes
G.L.c. 119, §51B, requires the Department, after receiving a report of abuse or neglect, to investigate and evaluate the allegations within ten days. After completing the investigation, if the Department decides that there is “reasonable cause” to believe that a caretaker abused or neglected the child(ren), the Department will “support” the allegations in the “51A” report. 110 C.M.R. 4.32.[3]
After supporting the report of child abuse, the Department has the authority to record the name of the alleged perpetrator on its Central Registry provided that: (1) during the investigation, the information obtained identified the person responsible for the abuse “and there is no information to definitely indicate otherwise” and; (2) in the judgment of the investigator, the allegations “should be further considered during the case management, or the allegations cause protective concern about the individual as a caretaker.” 110 C.M.R. 4.33.
Once an individual’s name is listed in the Central Registry, he or she has the right to contest the action in a “Fair Hearing” before a hearing officer of the Department. See 110 C.M.R. 10.06. At this hearing, the hearing officer must determine whether the Department made their decision in accordance with Department regulations, policies and procedures, or if none applied, whether the Department acted within a reasonable basis. 110 C.M.R. 10.03.
B. The Fair Hearing Decision
The court finds that the Department’s decision to list Mr. DeSousa’s name on the Central Registry did not comply with applicable regulations and was not supported by substantial evidence. The information gathered by the investigation was ambiguous as to which of the allegations in the “51A” report were either admitted by Mr. DeSousa or substantiated by the investigation, and to which of the children the allegations applied. The investigator never directly asked Mr. DeSousa which allegations might be true and explanations offered by Mr. DeSousa were not further investigated or followed up on. Mrs. DeSousa, the reported source of the information, disputed what she told to the mandated reporter. Collateral witnesses provided by Mr. and Mrs. DeSousa, who could have offered information to substantiate or refute the allegations of sexual abuse, were not contacted. Due to the incompleteness of the investigation, the facts, as gathered by the investigator, do not provide “reasonable cause” pursuant to 110 C.M.R. 4.32 to support the allegations in the “51 A” report.
The weight to be given evidence before the administrative agency is a decision left to the agency. The American National Red Cross v. Labor Relations Commission, 363 Mass. 525, 527-28 (1973). However, “even if there is some evidence in this record from which a rational mind might draw the desired inference, [the court is] not required under the substantial evidence rule as set forth in §14(8), to affirm the [department’s] decision.” Cohen v. Board of Registration in Pharmacy, 350 Mass. 246, 253 (1966). That is, when the evidence in the record is so insufficient and contradictory, and the omissions so material to the Department’s decision, the court is unable to perform its function of judicial review. As such, the decision of the Fair Hearing Officer upholding the decision of the investigator to support of the “51A” report, is vacated and remanded for further fact finding.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Department of Social Services’ Fair Hearing Officer’s decision to support the allegations and list the plaintiff, Gary DeSousa, as an alleged perpetrator of child sexual abuse on the Department’s Central Registry is VACATED and REMANDED for further investigation at the discretion of the Department of Social Services.

The registry is a confidential computer listing of alleged perpetrators of abuse or neglect which the Department uses in screening for potential foster parents, adoptive parents and employees for the agency.

The report has a hand-written note drawn to “R rated” which states “not porno accord to invest.”

The Department supports an allegation of sexual abuse if it determines that there is “reasonable cause to believe” that an incident of abuse did occur. 110 C.M.R. 4.32. “Abuse” is defined as “the nonaccidental commission of any act by the caretaker upon a child under age eighteen which causes, or creates a substantial risk of serious physical or serious emotional injury, or constitutes a sexual offense under the laws of the commonwealth.” 110 C.M.R. 2.00(1).